## No. 5404.

STATE OF LOUISIANA EX REL. MRS. W. P. NOBLE vs. CHARLES CLINTON, AUDITOR. STATE OF LOUISIANA, INTERVENOR.

Where the appropriations are not in excess of revenues, no debt is created in con-templation of the constitutional amendment limiting the State debt to twenty-five millions of dollars. As it is not shown in this instance that the appropria-tion in favor of relator was beyond the revenues of the year in which it was made, this court concludes that no debt was contracted in violation of the con-stitution.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins*, J. *Breaux, Fenner & Hall*, for relator and appellant. *A. P.*

State ex rel. Mrs. W. P. Noble vs. Clinton.

*Field*, Attorney General, and *Charles S. Rice*, for defendant and intervenor, appellee.

WYLY, J. The relator appeals from the judgment refusing to make peremptory the mandamus sued out by her to compel the Auditor to issue to her a warrant of the State for thirty-five hundred dollars, the amount appropriated to her by act No. 118 of the acts of 1874.

The State intervened and set up the invalidity of the claim, because at the time the act was passed the debt of the State exceeded twenty-five millions of dollars, and no debt could be contracted by reason of the amendment of the constitution limiting the State debt to said amount.

On the first of April, 1874, when act No. 118 was passed, granting or appropriating thirty-five hundred dollars to the relator, the State debt largely exceeded the constitutional limit. Therefore the claim set up by the relator is invalid, because the statute creating it was unconstitutional. The relator, however, contends that this statute passed for her relief was a necessary expense of the State, and whether it was or not was a question resting alone in the discretion of the General Assembly, and that the judicial department can not interfere with the exercise of the discretion.

If the principle contended for be true, the constitutional provision limiting the State debt to twenty-five millions of dollars would be meaningless and without effect, because in the exercise of legislative discretion the General Assembly could go on from time to time increasing the State debt beyond the limit of twenty-five millions of dollars.

We apprehend that no discretion is involved in the matter regarding the power of the General Assembly to create a debt after the limit fixed in the constitution has been reached. It was reached when the statute for the relief of the relator was enacted creating a debt of thirty-five hundred dollars.

In declaring void an enactment violating this provision of the constitution the court is merely performing a duty which in no manner relates to the powers confided solely to the discretion of the General Assembly.

Judgment affirmed.

---

## ON REHEARING.

On the first of April, 1874, the Governor approved act 118, appropriating out of any money in the treasury not otherwise appropriated three thousand five hundred dollars "for the purpose of compensating Mrs. W. P. Noble for services rendered in completing a manuscript index of all the acts of the General Assembly."

After complying with the requirement stated in another part of said act, which entitled her to be paid, Mrs. Noble applied to the Auditor and

Treasurer for payment. This being refused, she brings this mandamus proceeding to compel the Auditor to issue a warrant for said amount.

The answer alleges that the act No. 118 is void, because it creates a debt, which is prohibited by the constitutional amendment limiting the State debt to twenty-five millions of dollars.

The State through the Attorney General intervened and set up the same defense, alleging that the State debt had reached the constitutional limitation when said act was passed, that the General Assembly had no power to contract debts beyond the ordinary and legitimate expenses of the State government; "that the appropriation in said act was the creation of a debt not necessary, nor a part of the legitimate expenses of the State government."

At the trial the court discharged the rule and refused to make the mandamus peremptory. Thereupon the relator appealed.

In our former decision we held that act No. 118 created a debt in contravention of the constitutional amendment limiting the State debt to twenty-five millions of dollars, which sum had already been reached. But upon further examination we find we erred, because the act in question made an appropriation out of any moneys in the treasury not otherwise appropriated, and the record fails to show that this appropriation, added to the other appropriations for 1874, was in excess of the revenues for that year. If in 1874 the aggregate amount of the appropriations out of the general fund did not exceed the amount of revenues being collected for said fund during that year, no debt would be created by such appropriations or by either of them. Where the appropriations are not in excess of revenues, no debt is created in contemplation of the constitutional limitation referred to.

The General Assembly had as much right to make an appropriation to pay Mrs. Noble for services rendered in completing the manuscript index of the statutes of the State as it had to make appropriations for other expenses in the administration of the government. As it is not shown that this appropriation was beyond the revenues of the year in which it was made, we conclude that no debt was contracted in violation of the constitution.

It is therefore ordered that our former decree herein be set aside, that the judgment appealed from be annulled, and that the mandamus herein be made peremptory at the costs of defendant.

The Chief Justice adheres to the previous decision.